1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WILLIAM LOGAN,<br><br>                              Petitioner,<br><br>       v.<br><br><br>WILLIAM KNIPP,<br><br>                              Respondent. | Case No. 1:13-cv-01231 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on August 5, 2013, Petitioner challenges his July 12, 1991 conviction from the Kings County Superior Court for two counts of first degree murder. (Pet., ECF No. 1 at 1.) Petitioner was sentenced to an indeterminate term of fifty (50) years to life. (Id.)

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction in two separate habeas petitions. In case number 1:96-cv-05140-OWW-DLB, Petitioner challenged the same underlying conviction. On July 1, 1998, the petition was denied on the merits. See Logan v. Small, E.D. Cal. Case No. 1:99-cv-06479-AWI-LJO, ECF No. 6 (Findings and recommendation

1

1   describing the procedural history of Petitioner's first federal habeas petition.). In case

2   number 1:99-cv-06479-AWI-LJO, Petitioner contended that his appointed counsel in his

3   first federal habeas petition was ineffective. On January 28, 2000, the matter was

4   dismissed for failure to state a cognizable claim, or alternatively, that the petition be

5   denied on the merits. (See ECF Nos. 6, 8.)

6   **I.      DISCUSSION**

7          A court must dismiss a second or successive petition that raises the same

8   grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

9   or successive petition raising a new ground unless the petitioner can show that 1) the

10  claim rests on a new constitutional right, made retroactive by the United States Supreme

11  Court or 2) the factual basis of the claim was not previously discoverable through due

12  diligence, and these new facts establish by clear and convincing evidence that but for

13  the constitutional error, no reasonable factfinder would have found the applicant guilty of

14  the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

15  that decides whether a second or successive petition meets these requirements; the

16  Petitioner must first file a motion with the appropriate court of appeals to be authorized to

17  file a second or successive petition with the district court.

18         Section 2244 (b)(3)(A) provides: "Before a second or successive application

19  permitted by this section is filed in the district court, the applicant shall move in the

20  appropriate court of appeals for an order authorizing the district court to consider the

21  application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

22  can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

23  651, 656-657 (1996). This Court must dismiss any second or successive petition unless

24  the Court of Appeals has given Petitioner leave to file the petition because a district court

25  lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

26  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

27         Because the current petition was filed after April 24, 1996, the provisions of the

28  Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. <u>See Greenawalt</u>, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. <u>See</u> 28 U.S.C. § 2244(b)(3).

## II.   <u>ORDER AND RECOMMENDATION</u>

The Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __August 19, 2013__                __/s/ *Michael J. Seng*__

UNITED STATES MAGISTRATE JUDGE